UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURE ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALTA TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-2<br>        Plaintiff,<br>    v.<br>ANGELO INANORIA, et al.,<br>        Defendants. | Case No. 5:15-cv-00304 EJD<br><br>**ORDER REMANDING CASE** |

## I.  INTRODUCTION

Defendant Isabel Griffith ("Griffith") removed to this court - for a second time - the instant unlawful detainer action originally filed in Santa Clara County Superior Court by Plaintiff The Bank of New York Mellon formerly known as The Bank of New York as Successor Trustee to JPMorgan Chase Bank, National Association as Trustee for the Certificateholders of Structure Asset Mortgage Investments II Inc. Bear Stearns Alta Trust, Mortgage Pass-Through Certificates Series 2006-2  (or "Plaintiff," for short). See Docket Item No. 1.  According to the state court Complaint, Plaintiff acquired certain real property located on 12th Street in San Jose, California, at a foreclosure sale in May, 2012.  Griffith, along with a number of additional individuals, occupies that property in one form or another.

1

Case No.: 5:15-cv-00304 EJD
ORDER REMANDING CASE

As is its obligation, the court has reviewed this action to determine whether federal jurisdiction exists. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). It does not. Accordingly, this action will be remanded, again.

## II. DISCUSSION

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

It is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Although the Notice of Removal is not entirely clear, it appears under a liberal review of the document that Griffith removed this action based on both federal question and diversity jurisdiction. But as was explained previously in conjunction with the prior remand, this action cannot support either form of federal jurisdiction. To find a federal question, or a claim arising under federal law, the court examines the "well-pleaded" state court Complaint. See Caterpillar,

Inc., 482 U.S. at 392; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]t must be clear from the face of the plaintiffs well-pleaded complaint that there is a federal question."). An examination of the sole-count unlawful detainer Complaint here reveals issues arising solely under California state law, not federal law. See Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011) (holding that federal question jurisdiction does arise from an unlawful detainer complaint). Much of what Griffith discusses in the Notice of Removal, which could instead be the subject of a counterclaim or a separate lawsuit, do not factor into the analysis since those claims are not contained in the Complaint. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).

Similarly, jurisdiction cannot rest on diversity because the amount in controversy - which is some amount less than $10,000 according to the Complaint - does not exceed $75,000. See PNC Bank, Nat'l Assoc. v. Ahluwalia, No. C-14-05672 DMR, 2015 U.S. Dist. LEXIS 9910, at *3 (N.D. Cal. Jan. 9, 2015) ("In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy, and, pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the 'whole amount of damages claimed' must be 'twenty-five thousand dollars ($25,000) or less.'" (quoting Cal. Civ. Pro. § 86(a)(4))).

Accordingly, the court concludes that it lacks subject matter jurisdiction over this action and, for that reason, will remand this case to state court.

### III.  ORDER

Based on the foregoing, the Clerk shall remand this case to Santa Clara County Superior Court and close the file. All other matters are TERMINATED and VACATED.

Since this was the second time Griffith removed the case based on a nearly identical Notice of Removal, the court advises her of the potential consequences of improper removals. Indeed, 28 U.S.C. § 1447(c) authorizes the court to order the removing party to pay "just costs and any actual

1  expenses, including attorney fees, incurred as a result of the removal." Furthermore, sanctions can
2  be imposed on parties that violate Federal Rule of Civil Procedure 11(b), which prohibits
3  unsupported, frivolous, and dilatory pleadings. Before removing this action again on the same
4  grounds, Griffith should consider the possibility that she may have to pay for that conduct.

**IT IS SO ORDERED.**

Dated: February 18, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-00304 EJD
ORDER REMANDING CASE

4